IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS DYNAMICS, LLC,

                      Plaintiff,

v.                                                     ORDER

MEYER PRODUCTS LLC,                         14-cv-886-jdp

                      Defendant.

---

      Plaintiff Douglas Dynamics, LLC, accuses defendant Meyer Products LLC of infringing its patent, U.S. Patent No. 6,928,757 (the '757 patent), for a snowplow mounting assembly. After Douglas initiated this lawsuit, Meyer petitioned the Patent Trial and Appeals Board (PTAB) for *inter partes* review of the '757 patent. PTAB granted the petition, and the court stayed the case pending PTAB's final written decision on the parties' joint motion. Dkt. 48. PTAB issued a final written decision in Douglas's favor on November 25, 2016, so the court lifted the stay, Dkt. 51, and set a case schedule. Now, two months later, Meyer moves the court to stay the case pending Meyer's appeal of PTAB's final written decision to the U.S. Court of Appeals for the Federal Circuit. Dkt. 62.

      As the parties agree, the same factors relevant to stays pending *inter partes* review are relevant to stays pending appeal of PTAB's final written decision to the Federal Circuit. Those factors are (1) the stage of the litigation; (2) whether a stay will simplify the issues in question and the trial of the case; (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (4) whether a stay will reduce the burden of litigation on the parties and the court. *VirtualAgility, Inc. v. Salesforce.com*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).

In 2015, after the PTAB instituted *inter partes* review, the court determined that those factors favored a stay. Dkt. 48, at 1. But the circumstances have changed. This time around Douglas opposes the stay. But this is not a decisive factor, because Douglas has previously said that it will suffer no prejudice that cannot be remedied by money damages. Dkt. 47, at 9.

The factor that matters most here is that Meyer's appeal concerns only a single claim of the patent-in-suit, whereas PTAB initiated review on all six asserted claims. Thus, unlike a successful *inter partes* review, a successful appeal would not be case-dispositive. The court is not convinced that a decision in the appeal on claim 18 would have a significant "spillover" effect on the other asserted claims. The court notes, too, that Meyer is entitled as of right to review by the Federal Circuit, and thus there is no indication that an appeal would be successful. The bottom line is that Meyer has not persuaded the court that it is worth waiting for the appeal, because even if it were successful, it will not significantly simplify issues or alleviate much of the burden on the parties or the court.

ORDER

IT IS ORDERED that Defendant Meyer Products LLC's motion for stay pending appeal, Dkt. 62, is DENIED.

Entered February 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge