IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS DYNAMICS, LLC,

                            Plaintiff,

    v.

MEYER PRODUCTS LLC,

                            Defendant.

OPINION & ORDER

14-cv-886-jdp

---

Under the American Invents Act, a person can challenge the validity of an issued patent through *inter partes* review (IPR), an adversarial proceeding conducted expeditiously before the Patent Trial and Appeal Board. IPR is commonly pursued, as in this case, by a defendant who has been sued for patent infringement in district court. In theory, IPR provides an efficient alternative forum for contesting patent validity, which would otherwise have to be resolved in more costly and dragged-out district court litigation.

One key element of the efficiency of the IPR alternative is the estoppel provision in 35 U.S.C. § 315(e). This section provides that one who gets a final decision as to the validity of a patent claim in an IPR is estopped from asserting invalidity of that claim in another IPR or in district court on any ground that the person "raised or reasonably could have raised during that inter partes review." In other words, if you take the IPR alternative, you have to be satisfied with the PTAB answer; you cannot re-litigate the matter in district court. But the scope of IPR estoppel is not entirely clear, and the parties to this case, fresh off their IPR experience, need to know what invalidity defenses are still in play.[1]

---

[1] IPR is available only for validity challenges based on patents and printed publications. So § 315(e) estoppel will have no effect on validity challenges based on other types of prior art.

Plaintiff Douglas Dynamics, LLC, accuses defendant Meyer Products LLC of infringing its patent, U.S. Patent No. 6,928,757 (the '757 patent), for a snowplow mounting assembly. Shortly after Douglas sued, Meyer petitioned PTAB for IPR of claims 1, 4-7, and 18 of Douglas's patent. PTAB granted the petition, and the parties sought to stay litigation in this court while the IPR proceeded. They offered to this court the typical promises that the IPR would simplify the case:

> [A] stay will simplify the issues in the litigation because the instituted IPR will result in either the claims at issue being cancelled and/or amended or one or more of the claims at issue confirmed with Meyer estopped from making invalidity arguments that it made or reasonably could have made in the IPR in the litigation.

Dkt. 47, at 2. The court granted the stay. Dkt. 48.

The final decision in the IPR went Douglas's way: Meyer failed to show that any of the challenged claims were invalid. Dkt. 50-1. Meyer has appealed to the Federal Circuit and sought a stay pending the appeal. Dkt. 62. The court denied that request for a stay. Dkt. 65. So the case is active in this court again.

Douglas now asks the court to decide which invalidity defenses Meyer can raise at this point. Dkt. 57. Unsurprisingly, the parties present starkly diverging views. Douglas takes what might be called the "complete alternative" view: the IPR is a complete alternative to litigating validity in district court. Once Meyer sought IPR, it had to completely lay out its validity attack in its PTAB petition, and it could no longer contest validity in this court. Meyer takes what we could call the "direct estoppel only" view: Meyer is estopped only from litigating the precise issues decided by PTAB on the merits; all else may be revisited in the district court at the conclusion of the IPR.

BACKGROUND

We need to get specific about the grounds on which Meyer contended that the '757 patent was invalid. Meyer petitioned for IPR with PTAB in May 2015. In its petition, Meyer asserted the following grounds for invalidity:

1. Claims 1, 4-7, and 18 are anticipated by Pruss.

2. Claims 6 and 18 are anticipated by Keeler.

3. Claims 1, 4-7, and 18 are obvious over Coates combined with Hetrick, Kost, or Watson.

4. Claims 1, 4-7, and 18 are obvious over Pruss combined with Kost or Watson.

*See* Dkt. 47-1, at 4-5. We will refer to these as the "petitioned grounds."

While the parties waited for PTAB to decide whether to institute IPR, litigation continued in this court. In August 2015, Meyer disclosed its invalidity contentions to Douglas, listing the same grounds for invalidity that it included in its IPR petition—the petitioned grounds—plus two new ones:

1. Claims 1, 4-7, and 18 are anticipated by Pruss.

2. Claims 1, 4-7, and 18 are anticipated by Keeler.

3. Claims 1, 4-7, and 18 are obvious over Coates combined with Hetrick, Kost, or Watson.

4. Claims 1, 4-7, and 18 are obvious over Pruss combined with Kost or Watson.

5. Claims 1 and 4-7 are anticipated by Slocum.

6. Claims 1 and 4-7 are anticipated by Oya.

*See* Dkt. 57-1.

In December, PTAB instituted IPR of claims 1, 4-7, and 18 of the '757 patent on the following grounds:

1. Claim 18 is anticipated by Pruss.

    2. Claim 18 is anticipated by Keeler.

    3. Claims 1, 4-7, and 18 are obvious over Coates combined with Hetrick.

*See* Dkt. 47-1, at 27. We will refer to these as the "instituted grounds." PTAB denied IPR on certain grounds, concluding that Meyer's petition did not show a reasonable likelihood of prevailing on those grounds. *See id.* at 11, 14, 18, 20, 25. We will refer to those grounds as the "non-instituted grounds." This court stayed litigation pending PTAB's final written decision. Dkt. 48.

PTAB issued a final written decision in Douglas's favor in November 2016, concluding that Meyer had not shown by a preponderance of the evidence that claims 1, 4-7, and 18 of the '757 patent were invalid. *See* Dkt. 50-1. The court lifted the stay, and litigation resumed. The question now before the court is whether Meyer can still assert the invalidity of claims 1, 4-7, and 18 in this court, and on what grounds.

## ANALYSIS

The starting point is the new estoppel provision in the Patent Act. The pertinent provision provides:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2). By the terms of the statute, Meyer, as the IPR petitioner, is barred from asserting in this suit any invalidity ground that it raised or reasonably could have raised during the IPR.

4

The parties agree that § 315(e)(2) bars Meyer from raising in this court the three instituted grounds that were decided in PTAB's final written decision. But they dispute whether Meyer is estopped from raising the remainder of the invalidity grounds it listed in its August 2015 disclosure to Douglas. The remaining invalidity grounds can be divided into two groups: (1) the non-instituted grounds that Meyer asserted in its IPR petition, but on which PTAB did not institute review; and (2) the non-petitioned grounds, which are those that Meyer did not assert in its petition for IPR. Meyer contends that § 315(e)(2) estoppel does not apply to either group; Douglas contends that it applies to both.

At the heart of the parties' disagreement is a recent case decided by the Federal Circuit: *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir.), *cert. denied*, 137 S. Ct. 374 (2016). In that case, Shaw Industries Group, Inc., petitioned for IPR of a certain patent owned by Automated Creel Systems, Inc. PTAB instituted IPR on all of the challenged claims, but not on all of the invalidity grounds identified in Shaw's petition. It declined to institute one ground, concerning prior art identified as "Payne," because that ground was "redundant in light of [PTAB's] determination that there is a reasonable likelihood that the challenged claims are unpatentable based on the grounds of unpatentability on which [PTAB] institute[d] an *inter partes* review." *Id.* at 1297 (quoting *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, No. IPR2013-00132, 2013 WL 8563792 (P.T.A.B. July 25, 2013)). After review, PTAB issued a final written decision in Automated Creel's favor, concluding that Shaw had not shown that the claims were unpatentable on the instituted grounds. So in terms of the underlying IPR, *Shaw* looks a lot like this case.

Shaw appealed PTAB's decision not to institute IPR on all grounds asserted in Shaw's petition. The Federal Circuit expressed misgivings about PTAB's decision, but it denied

Shaw's appeal because under 35 U.S.C. § 314(d), PTAB's decision to deny or institute IPR is "final and nonappealable." *See Shaw*, 817 F.3d at 1299 ("We cannot say we agree with the PTO's handling of Shaw's petition. . . . We have no authority, however, to review the Board's decision to institute IPR on some but not all grounds.").

Shaw also tried an alternative approach: it petitioned the Federal Circuit for a writ of mandamus instructing PTAB to reevaluate its redundancy decision and institute IPR on the previously non-instituted ground. To obtain a writ of mandamus, a petitioner must show, among other things, that it has "no other adequate means to attain the desired relief." *Id.* at 1299. Shaw argued that it had no other adequate means of obtaining review of the Payne-based ground because, under § 315(e), it would be estopped from arguing that ground in any future proceedings before PTAB or a court. But the Federal Circuit rejected Shaw's argument, explaining that "§ 315(e) would not estop Shaw from bringing its Payne-based arguments in either the PTO or the district courts." *Id.* at 1300. The court explained:

> Both parts of § 315(e) create estoppel for arguments "on any ground that the petitioner raised or reasonably could have raised *during* that inter partes review." Shaw raised its Payne-based ground in its petition for IPR. The PTO denied the petition as to that ground, thus no IPR was instituted on that ground. The IPR does not begin until it is instituted. Thus, Shaw did not raise—nor could it have reasonably raised—the Payne-based ground *during* the IPR. The plain language of the statute prohibits the application of estoppel under these circumstances.

*Id.* (quoting 35 U.S.C. § 315(e)) (internal citation omitted). The Federal Circuit interpreted the phrase "during that inter partes review" narrowly to refer only to the proceeding as instituted and decided by the PTAB. Under this interpretation, § 315(e) estoppel does not apply to non-instituted grounds that are not substantively decided by PTAB.

6

Another panel of the Federal Circuit endorsed *Shaw*'s interpretation of § 315(e) just two weeks later: "[T]he noninstituted grounds do not become a part of the IPR. Accordingly, the noninstituted grounds were not raised and, as review was denied, could not be raised in the IPR. Therefore, the estoppel provisions of § 315(e)(1) do not apply." *HP Inc. v. MPHJ Tech. Inv., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) (citing *Shaw*, 817 F.3d at 1299-1300). Since then, district courts have consistently followed *Shaw*'s narrow interpretation of "during that inter partes review" to hold that the § 315(e) estoppel does not apply to non-instituted grounds. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017) (collecting cases). On appeal of *Verinata*, the Federal Circuit declined to issue a writ of mandamus directing the district court to apply § 315(e) estoppel more broadly. *In re Verinata Health, Inc.*, No. 17-109, slip op. at *2-3 (Fed. Cir. Mar. 9, 2017).

At this point, it's worth laying out the rationale of this line of cases. In *Shaw*, the Federal Circuit begins with the principle that PTAB decisions to institute IPR or not are final and unreviewable pursuant to § 314(d). The rationale for giving PTAB effectively unfettered discretion to institute IPR is that Congress required PTAB to conclude IPR proceedings expeditiously, that is, within 12 months of the decision to institute. The *Shaw* court reasoned that prompt resolution would be impossible if PTAB did not have discretion to decline to consider some of the grounds presented in a petition for IPR. The *Shaw* court cited the example of *Liberty Mutual Insurance Co. v. Progressive Casualty Insurance Co.*, No. CBM2012–00003, 2012 WL 9494791, at *1 (P.T.A.B. Oct. 25, 2012), in which the petitioner presented more than 400 grounds of invalidity for 20 patent claims. The PTAB in that case determined that "multiple grounds, which are presented in a redundant manner by a petitioner who

7

makes no meaningful distinction between them, are contrary to the regulatory and statutory mandates, and therefore are not all entitled to consideration." *Id*. at *2. In other words, PTAB would not be able to complete IPR within 12 months unless it has the authority to decide which grounds to consider and which to reject. So, the IPR petitioner is not entitled have every invalidity ground decided on the merits in an IPR.

But there is a second principle at work, only implicit in *Shaw*, but expressed by the district court in *Verinata*: the petitioner is entitled to meaningful judicial review of every invalidity ground presented, if not in the IPR, then in the district court. "Indeed, limiting IPR estoppel to grounds actually instituted ensures that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention." *Verinata*, 2017 WL 235048, at *3. The assumption underlying *Shaw* and its application by district courts is that the petitioner is entitled to "proper judicial attention" of every invalidity ground presented to PTAB, if not by means of an instituted IPR, then in the district court after the IPR. To return to the *Liberty Mutual* example, whichever of the 400 invalidity grounds were not actually decided on the merits by PTAB would be left to the district court to resolve.

But *Shaw*'s narrow view of § 315(e) estoppel undermines the purported efficiency of IPR, especially if it were applied to allow post-IPR assertion of non-petitioned grounds, as Meyer proposes. Under this approach, IPR is not an alternative to litigating validity in the district court, it is an additional step in the process. This case, for example, was filed in December 2014, and it was set for trial in September 2016. Here it is April 2017, and the case is back before this court, and it is not at all clear that the issues have been meaningfully

narrowed. Meyer now contends that it should be able to press essentially all its invalidity case, save for the three grounds actually decided in the IPR.

The court rejects Meyer's position, at least as it applies to non-petitioned grounds. A patent infringement defendant does not have to take the IPR option; it can get a full hearing of its validity challenge in district court. If the defendant pursues the IPR option, it cannot expect to hold a second-string invalidity case in reserve in case the IPR does not go defendant's way. In many patent cases, particularly those involving well-developed arts, there is an abundance of prior art with which to make out an arguable invalidity case, so it would be easy to have a secondary set of invalidity contentions ready to go. The court will interpret the estoppel provision in § 315(e)(2) to preclude this defense strategy. Accordingly, the court will construe the statutory language "any ground that the petitioner . . . reasonably could have raised during that inter partes review" to include non-petitioned grounds that the defendant chose not to present in its petition to PTAB.

This interpretation respects the statutory language and it is consistent with the legislative history, which clearly suggests that Congress intended IPR to serve as a complete substitute for litigating validity in the district court. *SAS Inst., Inc. v. ComplementSoft, LLC.*, 825 F.3d 1341, 1354 (Fed. Cir. 2016) (Newman, J., dissenting). This approach to non-petitioned grounds has also been followed by at least some district courts. *See, e.g., Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, No. 13-cv-645, 2016 WL 6839394, at *9 (M.D.N.C. Nov. 21, 2016); *Clearlamp, LLC v. LKQ Corp.*, No. 12-cv-2533, 2016 WL 4734389, at *8 (N.D. Ill. Mar. 18, 2016). And as the court in *Clearlamp* made clear, § 315(e)(2) estoppel includes any ground "based on prior art that could have been found by a skilled searcher's diligent search." 2016 WL 4734389, at *8.

9

Whether § 315(e)(2) estoppel applies to petitioned but non-instituted grounds is a tougher call. On legislative history and policy grounds, one might argue that a defendant chooses to pursue IPR because it believes it has particularly strong grounds for invalidity. And in exchange for the expedited adjudication of its best case, it surrenders the right to judicial review of its secondary grounds for invalidity. And those secondary grounds ought to include those non-instituted grounds that PTAB deems, for whatever reason, not to be worth pursuing. No defendant is forced to give up judicial review of its complete invalidity case; that is still available in the district court. But if you take the IPR route and present your best case to PTAB, and PTAB institutes review of a claim, that is your sole opportunity to contest the validity of that claim. In no other way is IPR the complete alternative that Congress imagined.

But the countervailing policy argument has appeal, too. If PTAB declines to institute on certain grounds because those grounds are redundant to the instituted grounds (as in *Shaw*), then the defendant has not lost much of substance. But PTAB could decline to institute on some grounds for any reason, and thus a defendant might end up sacrificing a meritorious invalidity ground through no fault of its own. As long as PTAB has the unreviewable discretion to decline to institute IPR on any ground for any reason, the defendant ought to be able to assert non-instituted grounds in the district court after the IPR is concluded. And a defendant who presents its full invalidity case in a petition for IPR cannot be accused of holding back a secondary invalidity case to be used only if the IPR goes bad, so applying the *Shaw* approach to non-instituted grounds does not incentivize that unfair litigation strategy.

*Shaw*'s procedural posture makes it somewhat distinguishable from this case; *Shaw* did not involve a direct appeal of a district court's application of § 315(e). But *Shaw* makes the Federal Circuit's view of whether § 315(e) estoppel applies to non-instituted grounds crystal clear.[2] So until *Shaw* is limited or reconsidered, this court will not apply § 315(e)(2) estoppel to non-instituted grounds, but it will apply § 315(e)(2) estoppel to grounds not asserted in the IPR petition, so long as they are based on prior art that could have been found by a skilled searcher's diligent search.

Douglas contends that Meyer reasonably could have included in its petition all of the grounds it listed in its August 2015 invalidity contentions, and Meyer does not dispute this. Accordingly, in this case, Meyer may assert the following non-instituted invalidity defenses:

1. Claims 1 and 4-7 are anticipated by Pruss.

2. Claim 6 is anticipated by Keeler.

3. Claims 1, 4-7, and 18 are obvious over Coates combined with Kost or Watson.

4. Claims 1, 4-7, and 18 are obvious over Pruss combined with Kost or Watson.

This court is not bound by PTAB's refusal to institute IPR of these grounds, but it will consider PTAB's reasoning to the extent that it is persuasive. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 14-cv-66, 2015 WL 5330284, at *14 (W.D. Wis. Sept. 11, 2015) ("This court is not bound by the PTAB decision [denying institution of IPR], but its reasoning is

---

[2] For the record, this court is not persuaded by *Shaw*'s interpretation of the term "during" in § 315(e). *Shaw* does not adequately consider the history and purpose of the statutory language, and it does not satisfactorily reconcile the narrow interpretation of "during" with the broader language "reasonably could have raised." What are the grounds that the petitioner "reasonably could have raised" if the petitioner is limited to raising them after review is instituted, when the opportunity to assert new grounds is exceedingly limited? The more reasonable interpretation is that "during that inter partes review" includes not only the instituted review itself but also the petition process.

persuasive."); *see also Precision Fabrics*, 2016 WL 6839394, at *9 ("PTAB's refusal to institute an inter partes review is indicative of the weakness of TieTex's claim of invalidity . . . as the PTAB will not authorize an inter partes review unless 'there is a reasonable likelihood' that a petitioner would prevail in proving invalidity." (quoting 35 U.S.C. § 314(a)).

One final note. The parties dispute whether Meyer may assert new invalidity defenses not included in its August 2015 invalidity defenses. Meyer does not indicate that it wishes to amend its invalidity contentions at this time. If Meyer wishes to amend its invalidity contentions in the future, it may ask the court for leave to do so, as the court's preliminary pretrial conference order provides. *See* Dkt. 31, at 2. Whether amendment is appropriate will depend on the court's fact-specific analysis, taking into account the stage of the litigation and whether Meyer reasonably could have included the defense in its IPR petition, among other factors. *See id.* (warning Meyer that the court will "be increasingly reluctant to allow amendments" of the invalidity contentions).

ORDER

IT IS ORDERED that:

1. Plaintiff Douglas Dynamics, LLC's motion for a ruling on the scope of defendant Meyer Products LLC's invalidity defenses, Dkt. 57, is GRANTED.

2. Defendant is estopped from asserting those invalidity defenses instituted by the Patent Trial and Appeals Board and those invalidity defenses that it did not include in its petition for *inter partes* review, but reasonably could have.

3. Defendant is not estopped from asserting invalidity defenses included in its petition for *inter partes* review, but on which the Patent Trial and Appeals Board did not institute review.

4. Should defendant wish to raise invalidity defenses not included in its August 2015 invalidity contentions, it must move for leave to amend.

Entered April 18, 2017.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge