IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS DYNAMICS, LLC,

                              Plaintiff,

    v.

MEYER PRODUCTS LLC,

                              Defendant.

ORDER

14-cv-886-jdp

---

Two motions by plaintiff Douglas Dynamics, LLC, are before the court. Both motions involve the parties' positions on claim construction, particularly of the term "trunnion." But the motions present separate issues, so we'll address them one at a time.

DKT. 69

Douglas Dynamics seeks reconsideration or clarification of the court's opinion and order on the scope of estoppel under 35 U.S.C. § 315(e). Dkt. 69. (The court's opinion is Dkt. 68.) I'll deny the motion for reconsideration, but I'll provide clarification.

Douglas Dynamics contends that one of the principles underlying the court's analysis was "squarely rejected" by *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016). That is a stretch. *Cuozzo* held that a PTAB decision whether to institute review is not judicially reviewable, based on the plain statement in § 314(d). Nothing in *Cuozzo* undermines the notion implicit in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), and expressed in *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017), that a defendant is entitled to meaningful judicial review of every ground of invalidity presented to the PTAB, and that a PTAB decision declining

to institute review on an invalidity ground is not meaningful judicial review. I expressed my misgivings about the *Shaw* approach, but because the Federal Circuit has made its views clear, I will follow it. (And I agree with Meyer Products that if *Cuozzo* were decisive on this point, Douglas Dynamics should have made this argument its original motion, not in a motion for reconsideration.)

I have more sympathy for Douglas Dynamics's request for clarification (although again, Douglas Dynamics should have presented this issue more clearly in its original motion). Douglas Dynamics essentially asks the court to explain what a "ground for invalidity" is. Douglas Dynamics contends that a "ground" includes not only the challenged claim and the putatively invalidating references, but "the theories and arguments that were, in fact, presented in the IPR petition." Dkt. 69, at 5. Applied to an example from this case, the petitioned but non-instituted ground that Meyer Products has preserved is not just "claim 6 is anticipated by Keeler," but Meyer Products's "complete rationale, including claim charts," as presented in the IPR. Douglas Dynamics argues that if "ground" is not limited this way, a defendant could assert numerous bare-bones grounds in an IPR petition, knowing that those grounds would be rejected by the PTAB, but thus preserved for later use in the district court. I agree with Douglas Dynamics: invalidity grounds asserted in bad faith would be subject to estoppel. But that's a hypothetical example that is not our immediate concern.

The real issue is whether a defendant in Meyer Products's position is stuck in the district court with the same theories and arguments that it presented in its petition to PTAB. Douglas Dynamics says that "ground" is defined by PTO regulations to include not just the claim, the reference, and the general theory of invalidity, but an element-by-element analysis with specific citations to evidence supporting the challenge. Dkt. 69, at 6 (citing 37 C.F.R. § 42.104(b)).

2

But this C.F.R. section articulates the required components of a petition for IPR. The only use of the term "ground" in this C.F.R. section refers to "specific statutory grounds under 35 U.S.C. 102 or 103." This does not help Douglas Dynamics's argument about what is meant by "ground" in § 315(e).

Douglas Dynamics also cites *In re NuVasive, Inc.*, which is more informative. 841 F.3d 966 (Fed. Cir. 2016). In that case, a Federal Circuit review of an IPR decision, PTAB developed and relied on its own theory of invalidity, different from that presented by the petitioner. That theory was based on the same prior art, but on portions of the art not relied on by the petitioner, and the patent owner never had the opportunity to respond to it. The Federal Circuit concluded that under the Administrative Procedure Act, the patent owner was entitled to an opportunity to respond. The court explained that "[i]n the related, non-IPR context, we have relied on the APA's requirements to find a 'new ground' where 'the thrust of the rejection' has changed, even when the new ground involved the same prior art as earlier asserted grounds of invalidity." *Id*. at 972 (citing *In re Leithem*, 661 F.3d 1316, 1319 (Fed. Cir. 2011)). *NuVasive* does not involve § 315(e) estoppel, so it is not squarely on point. But it's informative, because it recognizes that one could build a brand-new invalidity theory based on the same prior art that was presented to PTAB in a petition for review.

So following this guidance from *NuVasive*, if the "thrust" of a defendant's infringement theory is different from that presented in the IPR petition, the new theory is probably subject to estoppel. To put this a bit more concretely, the defendant is not locked into the precise argument made in its IPR petition. But if the new theory relies on different, uncited portions of the prior art, attacks different claim limitations, or relies on substantially different claim

3

constructions, then the new theory is tantamount to a new invalidity ground, and the court will treat it like a non-petitioned ground subject to estoppel.

How does this apply here? Douglas Dynamics contends that Meyer Products's current theory of how Keeler anticipates claim 6 is completely different from the theory Meyer Products presented to PTAB. In its IPR petition, Meyer Products contended that Keeler did not disclose a trunnion, but it used a pivot pin as a trunnion substitute. Dkt. 47-1, at 14. PTAB declined to institute review on that ground. Now, back in this court, Meyer Products contends that Keeler does disclose a trunnion—albeit under a broader construction of trunnion that Douglas Dynamics has proposed.[1] Dkt. 57-1, at 36. Douglas Dynamics argues that Meyer Products's new theory is a different invalidity ground, which Meyer Products brought out only after PTAB was not persuaded by Meyer Products's original theory. But Meyer Products counters that its alternative theory was a response to Douglas Dynamics's own expansive construction of trunnion as a "combination of interconnected components." *Id*. at 35. At this point in the case, I cannot tell who, if anyone, is playing fast and loose with the meaning of "trunnion." But it hardly seems fair to restrict Meyer Products to the claim construction used in the IPR, if Douglas Dynamics is free to re-tool its infringement case with new claim constructions, as Douglas Dynamics suggests that it is free to do. Dkt. 72-1, at 3. I will defer a decision on whether these principles would estop Meyer Products from contending that claim 6 is anticipated by Keeler under the alternative interpretation of trunnion. The parties are free to argue the § 315(e) estoppel issue at summary judgment.

---

[1] I agree with Meyer Products that Douglas Dynamics did not adequately raise this argument in its original motion because it was tucked into the footnotes. And the footnotes did not cite or explain Meyer Products' purportedly new argument, other than to point generally at an attached claim chart. *See* Dkt. 57, at 9 n.4.

4

DKT. 70

Douglas Dynamics seeks leave to amend its infringement contentions. Dkt. 70. Meyer Products opposes. Dkt. 74.

Two preliminary points. First, as stated in the Amended Pretrial Conference Order, Dkt. 31, the court applies Federal Rule of Civil Procedure 15 to motions to amend core substantive contentions. There is no need to address the standards for amending a scheduling order under Rule 16. Second, a party cannot "reserve the right" to amend its contentions in response to actions by the other side, or to court rulings, or to anything else. Any attempt to reserve the right to amend a disclosure or filing required by the scheduling order is a nullity. A party can amend a disclosure or filing only as allowed by the scheduling order, by the rules of civil procedure, or as otherwise allowed by the court, period.

Meyer Products opposes the requested amendment, so the question here, under Rule 15(a)(2), is whether justice requires me to allow the amendments proposed by Douglas Dynamics. As the court explained in the Amended Pretrial Conference Order: "The court expects the parties to commit to their core substantive contentions early in the case, and the court will be increasingly reluctant to allow amendments as the deadline for expert disclosures approaches." Dkt. 31, at 1-2. The reason for this warning is that as the case progresses, changes to core substantive contentions are increasingly prejudicial to the other side. This case has been pending in this court since December 2014. And although this case was stayed for more than a year, during the stay the parties litigated the IPR to completion. I see little reason why the parties' core substantive contentions should be changing after nearly two and one-half years of litigation. After the stay was lifted, the parties agreed on a date to exchange amended proposed claim constructions, but neither side suggested that amendments to core substantive

contentions were needed. Expert reports are due in about a month, June 16, 2017. Changes in core substantive contentions at this point are unavoidably prejudicial. So Douglas Dynamics would have to show strong reasons for amendments at this point.

Douglas Dynamic contends that its amendments are necessary to respond to the amended claim constructions proposed by Meyer Products on April 28, 2017. But Douglas Dynamics does not explain how Meyer Products's constructions necessitate any amendment. Meyer Products's current construction of "trunnion" is a "transversely extending bar that is not a pivot pin." But Douglas Dynamics does not explain how that is substantively different from Meyer Products's original proposed construction in this case or that presented in its IPR petition:

> [trunnion means a] bar that: (1) has length in a side-to-side (transverse) direction; (2) pivots about a transverse, horizontal axis; (3) pivots relative to the lift frame; and, (4) is not a pivot pin.

Dkt. 47-1, at 7. Douglas Dynamics does not explain how what appears to be at most a subtle re-articulation of a proposed claim term would justify significantly revised infringement contentions. Sometimes subtle changes can mean a lot in claim construction, but Douglas Dynamics hasn't shown why that would be the case here. And I certainly do not see why this subtle change would justify the assertion of infringement under the doctrine of equivalents, which is an altogether new infringement theory.

The other claim term at issue is "A-frame," for which Meyer Products proposes no construction. Douglas Dynamics argues that Meyer Products's infringement contentions include other requirements for the A-frame, and that "Meyer's very narrow set of 'requirements' remains a buried construction, to which Douglas may at some point need to respond." Dkt. 70, at 7. As far as I can tell, the "narrow set of requirements" are the other claim limitations. I

will not allow Douglas Dynamics to revise its core substantive contentions at this late date to anticipate some unspecified "buried" construction. Nothing about Meyer Products's proposed construction of A-frame would justify Douglas Dynamics amending its core infringement contentions. And, again, I see no reason to allow a late assertion of infringement under the doctrine of equivalents.

Douglas Dynamics proposes several other amendments. *Id.* at 8 (in the paragraph that begins "Finally . . ."). Meyer Products objects to those in a footnote. Dkt. 74, at 3 n.3. Although Meyer Products is correct that Douglas Dynamics offers no reason for the lateness of these amendments, Meyer Products cites no prejudice that would result from allowing them. These amendments are late, but they are apparently innocuous, so under Rule 15 they are allowable.

ORDER

IT IS ORDERED that:

1. Plaintiff Douglas Dynamics Dynamics, LLC's motion for leave to file a reply, Dkt. 72, is GRANTED.

2. Plaintiff's motion for reconsideration, Dkt. 69, is DENIED in part and GRANTED in part, as provided in the opinion above.

3. Plaintiff's motion to amend its infringement contentions, Dkt. 70, is DENIED for the most part, but GRANTED in part as provided in the opinion above.

Entered May 15, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge